Marvin E. NIEBERG, Plaintiff/Appellant,

v.

Scott O. MARSHALL,
Defendant/Respondent.

No. 63384.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 16, 1993.

Cathy Steele, Wallach Law Firm, St. Louis, for plaintiff/appellant.

Charles E. Reis, IV, Brown & James, P.C., St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

Plaintiff, a condominium developer, filed an action seeking damages for breach of contract and fraudulent misrepresentation against defendant, an attorney, claiming that the attorney had disclosed matters relating to a settlement between his clients and plaintiff in violation of a Release & Settlement Agreement. The trial court granted defendant's motion for summary judgment. We affirm.

Plaintiff Marvin E. Nieberg was the sole owner and developer of West Hills Condominium complex in St. Louis County. In connection with the sale and financing of the condominium units, plaintiff agreed to deliver each deed on a fixed future date if the financed amount was paid in full. If a purchaser paid the loan earlier and requested the delivery of the deed prior to the fixed date, plaintiff charged that purchaser a $2,500 fee for the early delivery.

Robert and Juanita Weddle purchased a unit from plaintiff and later brought an action against him to recover the fee they were charged for early delivery of their warranty deed. Defendant Scott O. Marshall, an attorney, represented them in this action. The parties eventually settled the case and entered into a Release & Settlement Agreement. As part of the Release & Settlement Agreement, Paragraph 5 provided:

The parties hereto agree that no terms of the settlement agreement or Release, or the fact that litigation existed or a settlement was made, will be disclosed to anyone directly or indirectly by the plaintiffs' or their counsel whose signature hereafter appears only as to this provision.

Defendant and his clients signed the agreement.

On April 27, 1990, defendant addressed and mailed letters to ten persons in West Hills Condominiums who had received deeds to their units within the previous two years. The letters provided in pertinent part as follows:

I am an attorney in private practice. The records of the St. Louis County Recorder of Deeds indicate that you received a deed to the above property in the last two years. It is possible, although not certain, that some charges made to you at the time you received your deed were incorrect.

If you would like to know if any charges made to you were incorrect and if you can obtain a refund of those charges, I would be happy to discuss that matter with you. Please call me at 725–2800 to schedule an appointment to discuss your particular situation. I cannot express an opinion without reviewing the documents which pertain to your purchase of the property and final payment.

Subsequently, defendant represented three other West Hills unit owners in lawsuits against plaintiff on the same matter as the Weddles litigation. Defendant had not sent a letter to two of these parties. Another letter recipient also brought an action but was represented by different counsel.

On June 12, 1991 plaintiff filed a petition against defendant for breach of contract and fraudulent misrepresentation, claiming that the letters had disclosed the settlement information. By a later amendment, plaintiff also sought a permanent injunction.

After discovery was conducted, defendant filed a motion for summary judgment which the trial court sustained. Plaintiff appeals from the order granting summary judgment.

■ Summary judgment shall be entered where the moving party has demonstrated, through the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). The propriety of summary judgment is purely an issue of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). When considering an appeal from an order granting summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.*

For his sole point on appeal plaintiff argues that the court erred in granting summary judgment because a genuine issue of fact exists as to whether defendant's letter was a direct or indirect disclosure of the prior suit or settlement in violation of the Release & Settlement Agreement.

■ In this case there was no dispute as to the underlying facts: that the parties entered into a settlement agreement and the terms of the agreement, and that defendant sent a letter and the contents of the letter. Where the underlying facts are undisputed, a question of fact exists when fairminded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy. *Courtney v. Ocean Accident & Guar. Corp.*, 346 Mo. 703, 142 S.W.2d 858, 860 (1940). Where such evidence is subject to conflicting interpretations, summary judgment is improper. *Rogers v. Illinois Cent. R.R. Co.*, 833 S.W.2d 426, 427 (Mo.App.1992).

■ Plaintiff argues that reasonable minds could differ on whether the letters indirectly disclosed the information and therefore summary judgment should not have been granted. In his brief plaintiff defines "indirectly" as follows:

The usual and primary definition of the term "indirectly" means not directly, obliquely, in a round about manner, dishonestly. *Rust v. Missouri Dental Board*, [348 Mo. 616,] 155 S.W.2d 80, 83 (1941).

Webster's Dictionary (College Edition 1966) defines indirect as "not direct, specifically a) not straight; deviating; round about; b) not straight to the point; or to the person or thing arrived at; as, an indirect reply; c) not straightforward; not fair and open; dishonest; as, in direct dealing; d) not immediate; secondary; as an indirect result."

Accepting plaintiff's definition for the purposes of this opinion, it cannot be said within fairness and reason that the letters indirectly disclosed any terms of the Release & Settlement Agreement, or the fact that litigation existed or settlement was made. Nothing in the letter refers to prior litigation or settlement of any type or in any context, much less the litigation and settlement covered by the Release & Settlement Agreement. The letter does not identify which charges may be refundable or on what basis they may be refundable. The reference to some charges being "incorrect" and the possibility of a "refund" does not disclose in a "round about" manner prior litigation or a settlement thereof. In our opinion fairminded people could not reach different conclusions on this issue.

The order of summary judgment is affirmed.

KAROHL and CRAHAN, JJ., concur.