**Leslie C. (Long) SANDERS,
Appellant–Respondent,**

v.

**Anthony B. SLAYDEN,
et al., Respondent,**

**State Farm Mutual Automobile
Insurance Co., Respondent–
Appellant.**

No. WD 52787.

Missouri Court of Appeals,
Western District.

March 18, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 29, 1997.

Hollis H. Hanover, Hanover & Turner, Kansas City, for appellant.

Phillip B. Grubaugh, Mark V. Wunder, Deacy & Deacy, Kansas City, Attorneys for Respondent-Appellant State Farm David R. Buchanan, Scott D. Hofer, Brown & James,

Kansas City, Attorneys for Respondent Slayden, for respondents.

Before ULRICH, C.J., P.J., and HANNA and ELLIS, JJ.

ULRICH, Chief Judge, Presiding Judge.

State Farm Mutual Insurance Company appeals the summary judgment entered in favor of Anthony Slayden and the partial summary judgment entered in favor of Leslie Long in this personal injury action arising out of an automobile collision.[1] State Farm claims that the trial court erred in granting Mr. Slayden's motion for summary judgment and Ms. Long's partial motion for summary judgment. It argues that a genuine issue exists regarding whether Mr. Slayden was driving the automobile that collided with Ms. Long's vehicle on March 17, 1987. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

On March 17, 1987, while stopped at an intersection in Kansas City, Missouri, Leslie Long's automobile was struck from behind by another vehicle. The vehicle that struck Ms. Long's car immediately left the scene of the accident. Eyewitnesses to the accident described the vehicle as a white, 4-door, 1980 Cutlass Oldsmobile with Missouri license plate number YXS–698. Nobody at the scene, however, was able to identify the driver of the vehicle.

Ms. Long reported the accident to her insurance company, State Farm Mutual Insurance Company (State Farm). Al Brown, an investigator and adjuster at State Farm, ascertained from the license plate number that Anthony Slayden was the owner of the vehicle that struck Ms. Long's automobile on March 17, 1987. Mr. Brown went to Mr. Slayden's home to investigate the accident on April 22, 1987. He observed that Mr. Slayden owned a white Oldsmobile matching the description of the vehicle involved in the accident. He also concluded that the automobile's front end had recently been repaired. The bolts on the front bumper brackets appeared to have recently been taken off and put back on; the front license plate was not on the bumper; a clean, new right front wire wheel cover was on the car; the right front fender had recently been spot painted; and the right front frame horn had been recently straightened with heat. Following Mr. Brown's investigation, Mr. Slayden's insurance company paid Ms. Long's property damage claim.

Ms. Long then sued Mr. Slayden for personal injuries resulting from the accident alleging that Mr. Slayden negligently operated the vehicle that caused the collision. She later amended her petition stating an alternative claim against State Farm for uninsured motorist benefits. She alleged that if Mr. Slayden was not the operator of the vehicle involved in the accident, the vehicle that struck her was an uninsured motor vehicle.

On January 17, 1995, Mr. Slayden filed a motion for summary judgment arguing that there was no evidence that he was operating the vehicle that collided with Ms. Long's automobile. The trial court sustained Mr. Slayden's motion. Ms. Long moved for partial summary judgment on October 19, 1995, contending that the vehicle that struck her car on March 17, 1987, was an uninsured motor vehicle because the identity of the driver of the automobile could not be established. This motion was also granted by the trial court. Ms. Long's remaining case against State Farm was tried before a jury in April 1996. Judgment was entered in favor of Ms. Long, and she was awarded $50,000 in damages. This appeal followed.

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as

---

1. Leslie Sanders Long, a respondent in State Farm's appeal, has also appealed, in the alternative, the summary judgment entered in favor of Mr. Slayden. Her appeal is based on the same arguments as State Farm's appeal and, thus, will be considered with State Farm's appeal.

a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant must show that one or more of the material facts shown by the movant not to be in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rest upon the mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.; Reeves v. Keesler,* 921 S.W.2d 16, 19 (Mo.App.1996). A genuine dispute is one which "is real, not merely argumentative, imaginary or frivolous." *ITT,* 854 S.W.2d at 382. If the record contains competent evidence that two plausible, but contradictory, accounts of essential facts exist, then a genuine issue of material fact remains to be resolved. *Bickerton, Inc. v. American States Ins. Co.,* 898 S.W.2d 595, 600 (Mo.App.1995). A question of fact exists when "fairminded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy." *Nieberg v. Marshall,* 865 S.W.2d 409, 410 (Mo.App.1993).

■ In a negligence action, the claimant must establish the following elements: (1) the existence of a duty to conform to a certain standard of conduct to protect others against unreasonable risks, (2) breach of the duty, (3) proximate cause, and (4) actual damages. *Bickerton,* 898 S.W.2d at 600;

*Martin v. Pashia,* 892 S.W.2d 681, 683 (Mo. App.1994).

■ Mr. Slayden based his summary judgment motion on the fact that no eyewitnesses to the accident were able to identify him as the operator of the automobile that collided with Ms. Long's vehicle. In affidavits attached to his motion, the eyewitnesses, including Ms. Long, stated that they could not identify the operator of the white Oldsmobile that left the scene of the March 17, 1987 accident. In his own affidavit, Mr. Slayden denied being involved in or having any knowledge of the accident. He further stated that he did not loan his car or give anyone permission to use his car on the date of the accident. There was also no indication that Mr. Slayden's automobile had been stolen at that time. Thus, Mr. Slayden contended that because Ms. Long could not identify him as the driver of the vehicle that struck her automobile, there was no basis to claim that he was negligent or that his negligence was the proximate cause of her injuries.

In response to his motion, State Farm presented Al Brown's affidavit to contradict Mr. Slayden's statement of facts. In his affidavit, Mr. Brown stated that he was able to ascertain that Mr. Slayden was the owner of the automobile that struck Ms. Long's car from the license plate number supplied by an eyewitness at the scene of the accident and from the eyewitness' description of the car. He further stated that he believed damage to the front section of Mr. Slayden's car had recently been repaired. State Farm argued that although Mr. Slayden was not positively identified by eyewitnesses at the accident, a reasonable and justifiable inference could be drawn from all of the evidence that Mr. Slayden was the operator of the automobile that collided with Ms. Long's car.

State Farm produced substantial evidence to contradict Mr. Slayden's assertion that he was not involved in the accident. Mr. Slayden owned an automobile matching the description of and with the same license plate number as the automobile that struck Ms. Long's vehicle from behind. Soon after the accident, the automobile had been repaired for damage consistent with the accident. Evidence existed that Mr. Slayden had not loaned his car to anyone on the date of the accident, and there was no indication that the

car had been stolen on that date. These facts and all favorable inference drawn from them could reasonably support the conclusion that Mr. Slayden's automobile was the white Oldsmobile that struck Ms. Long's car and that Mr. Slayden was the operator of the vehicle. Because reasonable people could reach different conclusions regarding whether Mr. Slayden was driving the vehicle that collided with Ms. Long's vehicle, the issue is genuinely disputed. Summary judgment was, therefore, inappropriate. Likewise, the partial summary judgment entered in favor of Ms. Long holding that she was involved in an accident with an uninsured motorist was also erroneous.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.