PUBLIC WATER SUPPLY DISTRICT NO. 16, Appellant–Respondent,

v.

CITY OF BUCKNER, Missouri, Respondent–Appellant.

Nos. WD 57912, WD 57979.

Missouri Court of Appeals, Western District.

March 6, 2001.

As Modified May 24, 2001.

Rehearing Denied May 29, 2001.

Douglas Patterson, Leawood, for appellant.

Steven Mauer, Kansas City, for respondent.

HOLLIGER, Judge.

This appeal concerns a determination of which party has the right to provide water service to a 160 acre tract of land (Disputed Tract). The matter comes before us after court rulings on cross motions for summary judgment. Litigation over this question started in 1995 and this is the second appeal to this court. In June 1994, the Disputed Tract was within the territorial boundaries of Public Water Supply District No. 16 (PWSD). At that time, PWSD did not provide any service to the Disputed Tract, as there were no structures located there. PWSD also had within its territory at that time three other tracts of land (Non Disputed Tracts), which had been previously annexed by the City of Buckner. In the last quarter of 1993, the Board of Directors of PWSD took initial steps and had corresponded with the City about an agreement that would transfer to the City the right to provide water service in areas within the

water district that had been annexed by the City. On January 6, 1994, the City approved a resolution authorizing its mayor to sign an agreement with PWSD for transfer of the rights. The resolution did not include a legal description of any tracts of land, but generally authorized signing an "agreement to detach and exclude from the boundaries of Public Water Supply District No. 16 land located within the corporate limits of the City of Buckner." At that time, the Disputed Tract was not within the City's boundaries. In December 1993, the attorney for PWSD had written the attorney for the City (his law partner), enclosing a proposed agreement, a legal description[1] of the property in question, and a petition[2] to be filed in court seeking approval of the agreement.[3] It is not clear whether either party ever signed this particular agreement (the Three Property Agreement). On July 5, 1994, the City annexed the Disputed Tract and immediately began rezoning efforts to approve development on the tract.

In August 1994, the PWSD's attorney prepared an "amended detachment agreement." Both parties signed a detachment agreement dated September 8, 1994, although, apparently, the PWSD did not sign the agreement until December 8, 1994. The legal descriptions attached to this agreement include the Disputed Tract. It has been characterized as the "Four Property Agreement." Also on September 8, the City approved a Resolution "to approve agreement to detach and exclude from the boundaries of Public Water Supply District No. 16 located within the corporate limits of the City of Buckner." PWSD's minutes of its September 13, 1994, meeting contain no mention of a detachment agreement. Correspondence between the PWSD and the City was exchanged in late 1994 and early 1995, disputing each other's right to provide water service to what is now called the Disputed Tract. Neither party's correspondence referred to the September 8, 1994, agreement.

In January 1995, PWSD filed a petition in Jackson County Circuit Court, seeking approval pursuant to section 247.160 of detachment agreements with various cities including Buckner. Apparently attached to the petition was the September "Four Property Agreement." Very shortly thereafter, PWSD dismissed the action.

On June 7, 1995, PWSD filed an action against the City asking the circuit court to enjoin Buckner from extending its water service into the area annexed in 1994 (Disputed Tract) without first complying with section 247.170. *Public Water Supply v. City of Buckner*, 951 S.W.2d 743, 744 (Mo. App.1997) ("PWSD I"). The City filed a counterclaim, alleging a detachment agreement concerning the disputed tract and seeking enforcement of the "Four Property Agreement." This counterclaim is not mentioned in PWSD I. The circuit court granted the City's motion to dismiss PWSD's claim which we treated as a summary judgment motion because the trial court considered extraneous matters. On appeal, the City argued that it did not need to comply with section 247.160 and had an exclusive right to provide water

1. As best we can determine, the legal description was not in the body of the agreement but was an attachment.

2. Section 247.160 provides a method for resolving issues as to water service for areas that are in the boundaries of both cities and public water supply districts. The process is called detachment. An agreement between the entities is one of the methods provided.

3. The petition also involved several other Eastern Jackson County cities that had, in past years, annexed land that was in PWSD's territory.

service to its citizens in the disputed area. We reversed and remanded, holding that the process set forth in section 247.160 is mandatory and not permissive. *Id.* at 745–46.

After remand, the pleadings were amended and summary judgment was sought by each party. The PWSD petition continued to seek an injunction barring City service in the area. The City filed a three-count amended counterclaim, seeking (1) enforcement of a section 247.160 detachment agreement, (2) damages for breach of contract, or alternatively, specific performance, and (3) a promissory estoppel theory seeking the same relief as in Count II. The trial court denied PWSD's motion for summary judgment. The trial court, by the same order, granted the City's motion for summary judgment as to Count I and denied it as to Counts II and III. Because approval of a section 247.160 detachment agreement requires notice to water district bondholders, the court postponed entry of final judgment. After the necessary notices were given and another hearing was held, the court, on November 3, 1999, entered final judgment based upon its previous order.

## THE MOTIONS FOR SUMMARY JUDGMENT

On February 16, 1999, PWSD filed a motion for summary judgment against the City on the water district's petition for injunction. The City filed a combined response to PWSD's motion and its own Cross Motion For Summary Judgment on its claim in Count I of its amended counterclaim, seeking enforcement of the Four Property Agreement. The City admitted virtually all of PWSD's statements of uncontroverted fact and cross-referenced them in support of its own motion. The City also asserted a number of additional material undisputed facts, both in opposition to PWSD's motion and also in support of its own summary judgment motion. PWSD filed no response to the City's cross motion. Therefore, the additional facts alleged by the City, in opposition or support of each motion, are deemed admitted. *Bently v. Wilson Trailer Co.,* 504 S.W.2d 277, 278 (Mo.App.1973). Even though the district did not respond to the City's motion, we will not affirm its granting if not supported by the facts or the law. *Sherman v. AAA Credit Serv. Corp.* 514 S.W.2d 642, 644 (Mo.App.1974).

## POINTS ON APPEAL

PWSD raises two interrelated points on appeal. It first contends that the Four Property Agreement is unenforceable as a matter of law under section 432.070, because its Board of Directors did not authorize the execution of that contract by its president. In the alternative, it argues that there are material issues of disputed fact precluding summary judgment, as to whether the PWSD Board authorized the execution of the Four Property Agreement. The City argues that section 432.070 was complied with, or at least substantially so, and that there are no material facts in dispute.

Section 432.070 provides:

No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.

■ A public water supply district is a municipal corporation for the purposes of applying section 432.070. *See, Jackson County Pub. Water Supply v. Ong Aircraft Corp.,* 409 S.W.2d 226 (Mo.App.1966). *Accord, McCarthy v. Cmty. Fire Prot. Dist.,* 876 S.W.2d 700, 704 (Mo.App.1994). The purpose of the statute is to protect the governmental entity upon which another seeks to impose or enforce some claimed contractual obligation or agreement. *City of Weston v. Bank of Greene County,* 192 S.W. 126, 128 (Mo.App.1917). It is not for the protection of the person seeking to impose the contractual agreement upon the governmental entity. *Id.* The statutory requirements are mandatory, not directory. *Software A.G. of N. Am. v. Columbia,* 903 S.W.2d 641, 643 (Mo.App.1995). Nevertheless, substantial compliance may, in some circumstances, be sufficient. *Veling v. City of Kansas City,* 901 S.W.2d 119, 124 (Mo.App.1995). Compliance need not occur in any particular order, or even in a single document. *See, Hoevelman v. Reorganized Sch. Dist. R2 of Crawford County,* 452 S.W.2d 298, 302 (Mo.App. 1970).

■ PWSD contends that section 432.070 was not complied with because there are no minutes of its Board of Directors specifically authorizing its president, in December, 1994, to execute the Four Property Agreement.[4] As part of this argument, PWSD contends that the director's minutes for the September 1993 meeting cannot serve as the district's authorization because the fourth property had not even been annexed at that point and would not be annexed by the City until July 1994. PWSD contends, therefore, that, as a matter of law, the Four Property Agreement is void and unenforceable. If the district is correct, then the trial court erroneously entered summary judgment against it and should have granted the district's cross motion for summary judgment.

The City responds that the fact that the September 1993 PWSD board minutes generally approve the detachment of properties annexed by cities without specifically describing those properties together with a chain of subsequent events supports its position that the district president was authorized to execute the September 1994 Four Property Agreement. The City points to the undisputed evidence that the district's attorney was in contact with the district and City throughout the fall of 1994 regarding detachment agreements with various cities, without expressly limiting those communications to three properties in Buckner. The City points out that, in August 1994, just after annexation of the fourth property, the district's attorney prepared and was paid for preparing an amended detachment agreement with the City of Buckner. The City also points out that PWSD, in January 1995, filed a petition in circuit court seeking approval of its detachment agreement with the City.[5]

---

4. PWSD also seems to argue that the September 1993 minutes did not supply authorization for *execution* of any detachment agreement and, therefore, § 432.070 was not complied with. Acceptance of this argument would lead to the conclusion that the agreement is not enforceable as to the other three properties as well. Inconsistently, PWSD has not taken this position. Because of our disposition, we need not consider the legal effect, if any, of this inconsistency.

5. The same petition sought approval of detachment agreements with several other cities. It does not appear that the PWSD board had any authorization for those detachment agreements beyond the same September 1993 board resolution. Although PWSD argues that that resolution is insufficient because not specifically authorizing the execution of any agreement with City, it has inconsistently (see Fn. 6) not taken the position that the agree-

That petition filed by the district attached the Four Property Agreement signed by its president. Because compliance with section 432.070 may be substantial, rather than complete, and need not be shown by just one document, we agree with the City that the Four Property Agreement is not invalid as a matter of law. The trial court, therefore, correctly denied PWSD's motion for summary judgment on the ground of non-compliance with section 432.070. There is sufficient evidence and documents from which a trier of fact could conclude that the PWSD authorized the detachment of all four properties.

■ However, the City's success with this argument belies its position that it was entitled to summary judgment. Although a trier of fact could conclude the Four Property Agreement was authorized, it need not so conclude. If different conclusions may be reached based on even largely undisputed facts, then summary judgment is not appropriate. *Nieberg v. Marshall*, 865 S.W.2d 409, 410 (Mo.App. 1993). Particularly when the intent of a party is at issue and the facts can be interpreted either way, summary judgment should not be granted. *Id.*

### City's Cross Appeal

The City has cross appealed the denial of its motion for summary judgment on Counts II and III of its counterclaim. Count II was for breach of contract, that is, breach of the Four Property Agreement. Such a claim is necessarily dependent upon the existence and enforceability of a valid detachment agreement. Given our discussion above, the trial court did not err in denying summary judgment on this claim. Count III of the counterclaim seeks damages based on a theory of promissory estoppel because the PWSD prom-

ised to detach the disputed tract. The "promise" referred to by the City is the Four Property Agreement. Again, because of our discussion above and without regard to the merits or other issues raised by such a claim, the trial court properly denied the City summary judgment on this ground as well. For the same reasons discussed above, the PWSD was not entitled to summary judgment on Counts II and III of the City's counterclaim.

The judgment of the circuit court is reversed and the cause remanded for trial.

LOWENSTEIN and NEWTON, JJ., concur.

ments with the other cities are unenforceable for the same reason.