**CAMERON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 5, Appellant,**

v.

**James M. GEORGE et ux., Appellees.**

**No. 3637.**

Court of Civil Appeals of Texas.
Eastland.

Sept. 8, 1961.

Rehearing Denied Sept. 29, 1961.

Cunningham, Garza & Yznaga, Brownsville, for appellant.

Johnson, Hester, Jenkins & Toscano, Harlingen, L. G. Mathews, Brownsville, for appellees.

COLLINGS, Justice.

This suit was brought by Cameron County Water Control and Improvement District Number 5 against James M. George and wife, Roxanna George, seeking a declaratory judgment establishing plaintiff's right to use 7.89 acres of land belonging to the defendants for a storage reservoir. Plaintiff's claim of right to so use defendants' land was based upon reservation under the terms of a warranty deed dated January 8, 1924, by which defendants acquired fee simple title to their 22.38 acre tract of land, including the 7.89 acres in controversy. The case was tried before the court without a jury. It was held by the court that the defendants were the owners of the fee simple title to the land involved; that the plaintiff Cameron County Water Control and Improvement District Number 5 had no right under the provisions of the warranty deed dated January 8, 1924, to use defendants' land for a storage reservoir; that plaintiff water district prior to the bringing of this suit instituted a condemnation proceeding in the County Court for the 7.89 acre tract; that commissioners were appointed and an award of $897.25 was made on June 14, 1950; and plaintiff entered and took possession of said land under such condemnation proceeding; that plaintiff therefore has a permanent easement to use the land for the storage and distribution of water by reason of the condemnation proceeding; that defendants James M. George and wife were entitled to recover from plaintiff the value of the lands taken at the time of the entry thereon by plaintiff water control district together with interest from the date of said entry at the rate of 6% per annum, "which said amount should be determined by the County Court at Law of Cameron County, Texas, in its final judgment to be entered in the condemnation suit now pending" in said court. Plaintiff Cameron County Water Control and Improvement District Number 5 has appealed.

The parties have stipulated in substance as follows:

"That the plaintiff and defendant herein, Cameron County Water Control & Improvement District No. 5 and James M. George and wife, Roxanna George are one and the same parties as the condemnor and condemnee in a certain condemnation proceeding being No. 8126 in the County Court at Law of Cameron County, Texas.

"That said condemnation proceeding * * * in the County Court at Law * * *, was filed in the year 1950 and is now pending and has not been disposed of.

"That the tract of land described in the Plaintiff Water District's Original Petition, being * * * a 7.89 acre tract * * * which is the subject matter of this suit * * *, is * * * the same * * * land which the Cameron County Water Control & Improvement District No. 5 is seeking to condemn * * * in the County Court at Law of Cameron County.

"That Cameron County Water Control & Improvement District No. 5, sometime between 1950 and 1954, entered into possession of said 7.89 acres of land * * * and has continued in possession thereof to the exclusion of the defendants until this day.

"That there is on file in such condemnation proceeding * * * the Motion of the Plaintiff Water District to dismiss such condemnation, they having attached to such Motion a deed under which they allege that they are claiming title to the property and now alleging as their reason for possession thereof, the same being identical with the deed attached to the Plaintiff Water District's Petition in this case * * *."

The warranty deed of January 8, 1924, covering 22.38 acres, under which appellant claims the right to use the land here involved for a storage reservoir, is from James-Dickinson Farm Mortgage Company to James M. George and wife. The deed recites that the entire tract conveyed to George and wife is in water district number 5 and is entitled to take water for irrigation purposes from the system subject to the rules and regulations of the district. The reservation relied upon by appellant is as follows:

"Rights of way, on over and across the land, conveyed and any subdivision thereof for necessary ditches and drains for the furnishing of water to the grantees and their successors and assigns, and other persons, and the drainage of land by such persons, are retained by the grantor for the benefit of the said District and such persons. * * *."

We overrule appellant's point contending, in effect, that the court erred in holding appellant water district did not have the right under the easement to use the 7.89 acres as a storage reservoir. We also overrule the point urging that there is a conflict between the court's finding that appellant did not acquire the right under the deed to use said land as a storage reservoir and the finding that appellant did acquire the right to an easement across the land for ditches and drains.

There is no dispute as to the fee title ownership of the land. The water district does not claim fee ownership. Its claim is limited to an easement. The water district's contention is that it has a written easement and right of way to use an old channel of the Rio Grande River containing 7.89 acres for the purpose of storing domestic and irrigation water under the 1924 deed. By the specific terms of the deed there is a reservation of a right of way for "necessary ditches and drains" for furnishing water to appellees, their heirs and assigns, and other persons. The reserva-

tion, however, is limited to ditches and drains. There is no other language of exception or reservation in the deed. Certainly there is no specific language in the deed conferring the right to an easement for a storage reservoir. A reasonable use of a right of way across land for "necessary ditches and drains for furnishing water" includes the use of only that land necessary for ditches and drains. It does. not by implication include the right to use additional land although such use has now become necessary for use as a storage reservoir. Exceptions such as the one here involved are strictly construed against the grantor. Jones v. Sun Oil Company, Tex.. Civ.App., 110 S.W.2d 80 (Writ Ref.);. Collier v. Caraway, Tex.Civ.App., 140 S.W. S.2d 910 (Writ Ref.); Stroud v. Hunt Oil Company, Tex.Civ.App., 147 S.W.2d 564; Hansen v. Bacher, Tex.Civ.App., 293 S.W. 628; Vahlsing v. Harrell, 5 Cir., 178 F.2d 622; 17 Am.Jur., Easements, Section 97. Appellee's deed of January 8, 1924, conveyed to them in fee simple a 22.38 acre tract. The only reservation was for a right of way for "necessary ditches and drains". The fact that the old channel of the Rio Grande River known as "Resaca land" was well fitted for storage purposes did not by implication show that the reservation was intended to cover the use of such land for storage purposes. The findings of the court that under the terms of the deed appellant did acquire the right to an easement across appellee's land for ditches and drains but did not acquire the right under the deed to use said land as a storage reservoir are both correct and are not, as contended by appellant, in conflict.

Appellant further complains of the judgment, asserting that the court erred in holding that appellees were entitled to damages for the easement taken and used by appellant water district. Appellant is correct in the contention that any adjudication concerning the condemnation of the land and the damages to which appellee might be entitled under the condemnation proceeding now pending in the county court is not

properly in this case. That is a matter within the jurisdiction of the county court. Glade v. Dietert, 156 Tex. 382, 295 S.W.2d 642. The judgment should therefore be and is hereby reformed by deleting any such finding or adjudication.

The judgment as so reformed is affirmed.