**MISSOURI INTERNATIONAL INVESTI-GATORS, INC., Plaintiff-Respondent,**

v.

**CITY OF PACIFIC, Defendant-Appellant.**

**No. 37464.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

J. L. Anding, Pacific, for defendant-appellant.

E. D. Lofftus, Fenton, for plaintiff-respondent.

WEIER, Presiding Judge.

A jury awarded Missouri International Investigators, Inc. $1,600.00 for breach of a contract with the City of Pacific. The trial court entered judgment in accordance with the verdict and denied defendant's motion for a judgment notwithstanding the verdict. On appeal, the City of Pacific raises three points, including the contention that plaintiff's petition fails to state a claim upon which relief can be granted in that the purported contract with the city was not in strict compliance with § 432.070, RSMo 1969. Because this contention is meritorious and is dispositive of the entire appeal, appellant's other two points need not be considered.

In March, 1973 John Moore's house in Pacific was apparently set on fire by an arsonist. Moore filed suit against the city alleging, among other things, lack of diligence on the part of the city in investigating the fire. An extensive discussion of the facts and the issues is found in *Moore v. City of Pacific*, 534 S.W.2d 486 (Mo.App. 1976). In the suit now before us on appeal, Missouri International Investigators, Inc. seeks to recover from the city for investigative work carried out to determine the cause of the fire.

■ In addition to the allegations of the pleadings, we may consider plaintiff's Exhibit No. 1, which is attached to the petition, in determining whether plaintiff's petition states a claim upon which relief can be granted. *Bride v. City of Slater*, 263

S.W.2d 22, 25[1] (Mo.1953). Plaintiff contends this exhibit is a contract meeting the requirements of § 432.070, RSMo 1969. That statute provides in part: "No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless . . . and such contract, including the consideration, shall be in writing . . . ." The exhibit was a paper signed by two parties: Jim Sly, an investigator representing plaintiff, and P. W. Albertson, marshal of the City of Pacific.

On a printed form, apparently prepared by plaintiff, it purported to request an investigation into the cause of the fire at the Moore residence and was signed by the marshal. It contained no mention of any price, charge, rate or other reference to any consideration to be paid for such services.

■ If, as here, there is a complete absence of any mention in the agreement of any consideration owing from the city, the requirements of § 432.070 are not met. *Bride v. City of Slater, supra* at 26[6, 7]. Because this is a violation of a mandatory provision of § 432.070, the agreement is void and unenforceable. *Needles v. Kansas City*, 371 S.W.2d 300, 306[5] (Mo.1963); *Hoevelman v. Reorganized School District R2 of Crawford County*, 452 S.W.2d 298, 301[4] (Mo.App.1970).

■ Plaintiff attempts to parry this rule with the theory that the city should be estopped from denying the existence of the contract because it accepted the benefits of the contract and made a partial payment thereon. The city did pay plaintiff $1,750.00 after receiving a bill from plaintiff for that amount. The city may have also received some additional benefits as a result of plaintiff's efforts which were the subject of this law suit. But "[t]he contract, absent the prescribed writing, is *void*. The fact a municipality has received the benefit of a performance by the other party does not make the municipality liable either on the theory of a ratification, estoppel or implied contract." *Kansas City v. Rathford*, 353 Mo. 1130, 186 S.W.2d 570, 574[8] (1945), quoted with approval in *Nee-*

*dles v. Kansas City, supra,* 371 S.W.2d at 306[5]. *See also, Layne v. City of Windsor,* 442 S.W.2d 497, 500[6, 7] (Mo.1969) (municipality could not be liable on a theory of quantum meruit). All persons dealing with municipalities are charged with notice of the statutory requirements necessary to bind the municipality. *Layne v. City of Windsor, supra* at 500; *Bride v. City of Slater, supra,* 263 S.W.2d at 26[4].

Plaintiff's petition fails to state a claim upon which relief can be granted. The judgment of the trial court is reversed.

DOWD and CLEMENS, JJ., concur.