Charles D. VOCHATZER,
Plaintiff-Appellant-Respondent,

v.

PUBLIC WATER SUPPLY DISTRICT NO. 1 OF LAFAYETTE COUNTY, Missouri, Defendant-Appellant-Respondent.

No. WD 32709.

Missouri Court of Appeals,
Western District.

July 27, 1982.

Cedrick Siegfried, Steven M. Gray, Cedric Siegfried & Associates, Inc., A Prof. Corp., Independence, for plaintiff-appellant-respondent Vochatzer.

Robert L. Trout, Rose Anne Nespica, Trout & Nespica, Odessa, for defendant-ap-

pellant-respondent Public Water Supply Dist.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Charles Vochatzer filed suit against Public Water Supply District No. 1 of Lafayette County in three counts seeking a mandatory injunction to compel the District to furnish him water and for damages. The court granted the mandatory injunction but denied damages on the other two counts.

Vochatzer appeals from the denial of damages on Count II. The District appeals from the mandatory injunction. No appeal was taken from the denial of damages on Count III. Reversed as to the injunction count and affirmed as to damage count.

In April, 1975, Vochatzer was the owner of twenty acres in Lafayette County. According to Vochatzer, Leon Arey visited Vochatzer on this tract and identified himself as being from the Water District. Arey stated that the District desired an easement across Vochatzer's land for the purpose of running one of its water lines. Vochatzer stated that he would give the easement if he were guaranteed water. Arey said that would be no problem and the District would supply him water on his application. Vochatzer executed an easement in conventional form which recited a consideration of one dollar and other valuable considerations.

After executing the easement in April, 1975, Vochatzer deposited with the District the required fees and made application for water service. The District subsequently returned the deposits to Vochatzer with a letter stating that the District was unable to supply water to Vochatzer at that time, but that if the situation changed he could reapply. The District thereafter advertised in the paper for water customers, but when Vochatzer reapplied he was informed the pressure was too low in the line crossing his property for him to receive water from that line. The District has never supplied water to Vochatzer.

Vochatzer filed suit in three counts. The first count alleged execution of the easement and the agreement that the District would supply him water in exchange for the easement and prayed for a mandatory injunction requiring the District to supply him water. The second count alleged that the District had made false representations to Vochatzer by promising to supply him water and failing to do so and prayed for damages. The third count prayed for damages for the taking of Vochatzer's property without just compensation because the District breached its contract to supply water.

Vochatzer and his brother testified to the visit by Arey to the Vochatzer tract and the statement by Arey that in exchange for the easement the District would supply water to the Vochatzer tract. The District evidence indicated that Arey was a member of the board of directors of the District and that various board members were engaged in obtaining water line easements. The District evidence revealed that Arey did not have any authority to promise water service to Vochatzer and further revealed that the District had never been notified of any such agreement, and obviously had never ratified such contract.

The court concluded that the District had ratified the promise made by Arey to supply Vochatzer with water, at least when a sufficient supply became available, and the District was therefore obligated to connect Vochatzer to the water line crossing his property when additional connections in the District were made. The court ordered the District to connect Vochatzer's property to the water line running across the easement given by him upon Vochatzer paying the required fees. The court denied Vochatzer damages on counts two and three.

■ The decisive point on this appeal is the failure of Vochatzer to allege and prove that the alleged contract was made according to the law applicable to the District. The District was organized under Chapter

247, RSMo 1978.[1] Section 247.080.5 provides that all contracts made by the District shall conform to the law governing contracts of other municipal corporations. Section 432.070 requires contracts made by municipal corporations to be in writing and subscribed by the parties thereto or their agents authorized by law and duly appointed and authorized in writing.

It is apparent from the pleadings and the proof that the contract relied upon by Vochatzer to supply him water was not in writing. It is not contained in the water line easement nor is there any separate writing concerning such contract.

 In *Mo. Intern. Inv., Inc. v. City of Pacific*, 545 S.W.2d 684, 685[2] (Mo.App. 1976) the court held that a violation of the mandatory provisions of § 432.070 makes an agreement void and unenforceable. The court further held that even if a municipal corporation accepted benefits under the contract it is not estopped from raising the defense that the agreement is in violation of § 432.070. The court stated at 685[3, 4]:

> "But '[t]he contract, absent the prescribed writing, is *void*. The fact a municipality has received the benefit of a performance by the other party does not make the municipality liable either on the theory of a ratification, estoppel or implied contract.' *Kansas City v. Rathford*, 353 Mo. 1130, 186 S.W.2d 570, 574[8] (1945), quoted with approval in *Needles v. Kansas City, supra*, [Mo.] 371 S.W.2d [300] at 306[5]."

The court further spelled out that a municipality could not be liable on a theory of quantum meruit in this situation. The court pointed out at 686 that all persons who deal with a municipality are charged with notice of the statutory requirements which are necessary to bind the municipality.

In a case closely similar on the facts to this case the court reached the same result. In *Plaster v. Lebanon Special Road District of Laclede County*, 611 S.W.2d 560, 563–564[4] (Mo.App.) the court relied on the requirement of § 432.070 to deny recovery on an oral contract to pave roads.

 Here, the law clearly requires all contracts made by the District to be in writing and all persons dealing with the District are charged with notice of that law.

Any contract made in violation of that requirement is void. It necessarily follows that Vochatzer was charged with knowledge that any contracts made by the District were required to be in writing. For that reason the contract Vochatzer alleged is void and unenforceable.

 The count for damages based upon giving the easement for the promise to supply water and the allegation that such promise was knowingly false cannot form a basis for recovery against the District. This for the reason that Vochatzer was charged with knowledge that any promise by the District to supply water as part of a contract was required to be in writing. Because the alleged promise was not in writing, it could not be enforced and Vochatzer was again charged with this knowledge. The result is that Vochatzer had no right to rely on this representation. The right to rely is an essential element of any action in fraud. *Hereford v. Unknown Heirs of Tholozan*, 315 S.W.2d 412, 421[8] (Mo.1958). The court correctly denied damages to Vochatzer and that portion of the judgment is affirmed.

It further follows that the contract relied upon by Vochatzer to supply water could not be enforced by mandatory injunction and the judgment ordering the District to connect Vochatzer to the water line crossing his property is reversed. Costs are assessed against Vochatzer.

All concur.

---

1. All statutory references are to RSMo 1978 unless otherwise noted.