Robert E. FAST, M.D.,
et al., Appellants,

v.

F. James MARSTON, M.D.,
Respondent.

No. SC 89734.

Supreme Court of Missouri,
En Banc.

May 5, 2009.

Paula Brown, Timothy S. Frets, Douthit Frets Rouse Entile & Rhodes, L.L.C., Kansas City, MO, for Apellants.

Peter Maharry, Fischer, Patterson, Sayler & Smith, LLP, Overland Park, KS, for Respondent.

RICHARD B. TEITELMAN, Judge.

Dr. Robert Fast appeals a summary judgment entered in favor of Dr. James Marston on Dr. Fast's petition for indemnity against Dr. Marston. The judgment is affirmed.

## FACTS

In 1997, Dr. Marston and Dr. Fast performed a surgical procedure on Kimberly Black. In 2003, another physician discov-

ered that a surgical sponge had been left in the surgical site. Black filed a medical malpractice suit against Fast, Marston, St. Joseph OB–GYN, Inc., and Heartland Regional Medical Center.

Prior to trial, Marston and Heartland Regional Medical Center settled with Black. In return for the settlement, Black released Marston from further liability. Fast and St. Joseph OB–GYN proceeded to trial. The jury entered a verdict for Black and assessed damages at $223,000. The jury apportioned 100 percent of the fault to Marston and none to Fast. Fast appealed the judgment.

While the appeal was pending, Fast filed an action seeking indemnity from Marston. Fast asserted he was entitled to indemnification because the jury found him vicariously liable for Marston's negligence. Marston contended that he was discharged from liability under section 538.230.3, RSMo 2000,[1] and the release executed between him and Black. The circuit court entered summary judgment in favor of Marston. Fast appeals.

### ANALYSIS

Appellate review of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.* The movant bears the burden of establishing a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment. *Id.* at 376–81.

### I. *Ripeness*

In his first point on appeal, Fast argues that his claim for indemnity was ripe for adjudication notwithstanding the pending appeal in the underlying suit. Fast is correct. A claim for indemnity is ripe for adjudication when the defendant has suffered a judgment and liability has attached. *Hemme v. Bharti*, 183 S.W.3d 593, 598 (Mo. banc 2006) (citing *Safeway Stores, Inc. v. City of Raytown*, 633 S.W.2d 727, 731 (Mo. banc 1982)). The defendants liability becomes fixed and established upon entry of judgment in the underlying suit; therefore, an appeal of the underlying judgment does not bar a suit for indemnity. *Glidewell v. S.C. Mgmt., Inc.*, 923 S.W.2d 940, 960 (Mo.App. 1996). Fast's action for indemnity against Marston was properly before the circuit court because a judgment had been entered against him.

### II. *Section 538.230.3*

Fast's second point on appeal is that section 538.230 bars any recovery against him in the medical malpractice suit because the jury found him to be without fault. He also argues that the circuit court improperly applied the release provisions of section 537.060 to his detriment.

Section 538.230 specifically "addresses the effect of a settlement by one of several defendants in a medical malpractice case." *Scott v. SSM Healthcare St. Louis*, 70 S.W.3d 560, 568 (Mo.App.2002). The statute "applies only to actions against healthcare providers." *Hewlett v. Lattinville*, 967 S.W.2d 149, 151 (Mo.App.1998). The effect of a settlement in other civil actions is governed by section 537.060, which, by its own terms, has no application in cases premised upon vicarious liability. *Manar v. Park Lane Medical Center*, 753

---

1. All statutory references are to RSMo 2000 unless otherwise specified.

S.W.2d 310, 314 (Mo.App.1988). Section 538.230, therefore, is the applicable statute in this case.

Section 538.230.3 provides that:

Any release, covenant not to sue, or similar agreement entered into by a claimant and a person or entity against which a claim is asserted arising out of the alleged transaction which is the basis of plaintiff's cause of action, whether actually made a party to the action or not, discharges that person or entity from all liability for contribution or indemnity.

The primary rule of statutory construction is to ascertain the intent of the legislature by giving the language used its plain and ordinary meaning. *United Pharmacal Co. of Missouri, Inc. v. Missouri Bd. of Pharmacy,* 208 S.W.3d 907, 909 (Mo. banc 2006). The plain language of section 538.230.3 specifically provides that a settlement release, such as the one executed by Marston and Black, discharges the settling party "from all liability for contribution or indemnity." The plain language of section 538.230.3 discharges Marston from liability for indemnification.

Fast argues that section 538.230.3 is inapplicable because it provides that the statute applies only in cases where "fault is apportioned among the parties and persons released pursuant to subsection 3 of this section." Fast asserts that because his liability in the underlying medical malpractice case was entirely vicarious, there was no basis for apportionment of fault and, as a result, section 538.230 is inapplicable. *See Glidewell,* 923 S.W.2d at 946.

Fast is correct to assert that in a case of vicarious liability there is no need to apportion fault because fault is irrelevant to liability. *Id.* It does not follow, however, that the provision for apportionment of fault in section 538.230.1 limits the scope of the discharge of indemnification liability in section 538.230.3. Section 538.230.1 provides only that the court shall instruct the jury to apportion fault among the parties and persons released so that non-settling defendants who go to trial are entitled to have a judgment against them reduced by the percentage of fault allocated to the settling party. *Scott,* 70 S.W.3d at 568 (Mo.App.2002). Section 538.230.1 does not govern the effect of a release on the indemnification liability of a settling party. That issue is addressed in section 538.230.3, which, as discussed above, provides that the settling party is discharged from "all liability for contribution and indemnity." The *Glidewell* case relied on by Fast is distinguishable because it did not involve a release or the provisions of section 538.230.3. Instead, *Glidewell* dealt with the issue of whether a non-settling party was entitled to an apportionment of fault instruction under section 538.230.1. Section 538.230.3 applies and discharges Marston from all indemnification liability.[2] The judgment is affirmed.

All concur.

2. The purpose of indemnity is to allow a vicariously liable party to recover from the negligent party. *SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP,* 128 S.W.3d 534, 539 (Mo.App.2003). Section 538.230.3 specifically releases a settling party from "all liability for ... indemnity." Given that indemnity is primarily applicable in cases of vicarious liability, it would be inconsistent to hold that a statute releasing settling parties from any and all liability for indemnity has no application in cases of vicarious liability. The

net result of such holding would be to read the unlimited discharge of indemnification liability out of the statute. Additionally, section 537.060, which is generally applicable to contribution among tortfeasors, specifically excludes vicarious liability from its terms while section 538.230 does not. The fact that section 537.060 is specifically inapplicable to

claims based on vicarious liability is further evidence that section 538.230 applies to claims based on vicarious liability. *See Jantz v. Brewer,* 30 S.W.3d 915, 918 (Mo.App.2000) (legislature presumed to have acted intentionally when it includes language in one section of statute, but omits it from another section).