Floyd WITHERS, Appellant,

v.

CITY OF LAKE SAINT LOUIS,
Respondent.

No. ED 94249.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 11, 2010.

Application for Transfer Denied
Sept. 21, 2010.

Alan G. Kimbrell, Ballwin, MO, for Appellant.

Jay A. Summerville, Jeffrey L. Schultz, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Floyd Withers (hereinafter, "Withers") appeals the trial court's grant of summary judgment in favor of the City of Lake Saint Louis (hereinafter, "the City"). The dispute centers around language contained in a settlement agreement (hereinafter, "the Stipulation") regarding which municipal ordinances govern property held by Withers' corporation, Lakeside Plaza, Inc. (hereinafter, "LPI"). Withers raises six points on appeal claiming the trial court erred in entering summary judgment in the City's favor as a matter of law. We affirm in part, and reverse and remand in part.

All of Withers' points on appeal challenge the trial court's grant of summary judgment in the City's favor. It is well-settled that when considering an appeal from a grant of summary judgment, we review the record in the light most favorable to the nonmovant, assuming all prop-

erly pleaded facts and supporting inferences raised by the nonmovant are true. *Reed v. Am. Standard Ins. Co. of Wisconsin,* 231 S.W.3d 851, 852 (Mo.App. W.D. 2007). Our review is essentially *de novo. ITT Commercial Fin. v. Mid–America Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden of proof required of a summary judgment movant is to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

A "defending" party may establish a right to summary judgment by showing: (1) facts negating any one of the claimant's elements; (2) the nonmovant has not been able to produce, or will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any of the claimant's elements; or (3) there is no genuine dispute as to the existence of facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381. The nonmovant must show by affidavits, depositions, answers to interrogatories, or admissions on file that one or more of the material facts shown by the movant to be without any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" exists where the record contains competent materials that establish a plausible, but contradictory, version of the movant's essential facts. *Id.* at 382.

The facts in the light most favorable to Withers, the nonmoving party, are as follows: In December 1986, the City filed a petition for declaratory judgment requesting authorization to annex property Withers owned in an unincorporated area of St. Charles County. Withers opposed the annexation, and the parties entered into negotiations to settle the lawsuit. During these negotiations, Withers met with Ron Nelson, the City's Administrator, Edward Hajek, the City's Mayor, and Lou Czech, the City's Attorney (hereinafter and collectively, "the City officials"). Withers told the City officials he would not agree to annexation unless he would be able to develop and operate his property under the same rules and regulations he was operating under in St. Charles County. The City officials assured Withers this would happen if he agreed to annexation.

After nine months of negotiations, the parties entered into the Stipulation on September 8, 1987, consenting to the annexation of the property. Paragraph 2 of the Stipulation states: "After annexation by the City of [Withers'] property, [Withers] is allowed to continue development of his property as approved by St. Charles County as per plans attached hereto and marked Exhibit B." The Stipulation further states: (1) Withers may use existing off-premise signage without application; (2) the property may have a resident business manager occupy the premises provided there is compliance with the building codes pertaining to occupancy; (3) the property shall be zoned highway commercial; and (4) Withers may erect a building within ten feet of the west property line. The Stipulation is binding upon all heirs, successors, assigns, and runs with the land. On November 3, 1987, the trial court entered its decree of declaratory judgment, recognizing the terms of the Stipulation and authorizing the City to annex Withers' property.

In 1989, ownership of the property was transferred from Withers to LPI, which is the current owner of the property. After annexation, neither Withers nor his tenants were charged with violating any City ordinance, code, rule, or regulation until 2006; however, the City claims code violations exist as far back as 2003. Withers

asserts these violations only occurred because the City officials were no longer in office to uphold the terms of the Stipulation.

After receiving several notices of ordinance violations, Withers filed a three count petition against the City on November 10, 2008. Count I sought to enjoin the City from enforcing its codes and ordinances against Withers' operation of his business pursuant to the terms of the Stipulation. Count II sought a mandatory injunction ordering the City to de-annex Withers' property. Count III alleged the City intentionally interfered with Withers' contractual relations with his tenants causing him damages. The City filed its answer and raised affirmative defenses. At some point thereafter, Withers dismissed Count III of his petition.

The City subsequently moved for summary judgment. In its motion, the City claimed it was entitled to judgment as a matter of law because Withers did not own the property. Even assuming *arguendo* that Withers had standing to assert the claims on behalf of the property, the City argued the Stipulation permitted it to enforce its codes and ordinances against the property. Finally, the City argued there was no written contract pursuant to Section 432.070 RSMo (2000)[1] entitling Withers to have his property de-annexed.

Withers filed a response, raising several arguments and putting forth a statement of controverted facts that he argued created genuine issues of material fact. Withers also filed a motion to substitute LPI as the party plaintiff in a proposed first amended petition. The amended petition, which was attached to the motion, averred LPI was a corporation that owned the property and Withers was LPI's owner. The trial court granted Withers' motion to substitute LPI as the party plaintiff, and LPI adopted as its own the responses and briefs filed by Withers with respect to the motion for summary judgment.

■ The trial court granted the City's motion for summary judgment, finding the clear and unambiguous language of the Stipulation permitted the City to enforce its ordinances, codes, rules, and regulations on the property. The trial court rejected LPI's request for de-annexation, finding the alleged oral promise was void because it was not in writing as required by Section 432.070. LPI filed a motion for reconsideration, and attached partial trial transcripts wherein the City officials testified about the negotiations and the meaning of Paragraph 2 in the Stipulation.[2] On January 7, 2010, the trial court denied LPI's motion in its final judgment. Withers appeals.[3]

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

2. The City officials testified under oath in a different proceeding regarding the parties' negotiations concerning the annexation at issue here. Ron Nelson testified Withers was opposed to the annexation and indicated he wished to operate under the zoning ordinances of St. Charles County. Nelson testified the parties agreed "whatever rules [Withers] was operating under in terms of zoning in St. Charles County that we put in the annexation agreement, that he could continue under those rules." Ed Hajek, the City's mayor at the time of the negotiations, testified it was his understanding Withers wished to operate and develop his property under the St. Charles County ordinances and he was permitted to do so after his property was annexed. Lou Czech, the City's attorney, was deceased at the time of these proceedings.

3. The City filed a motion to dismiss the appeal prior to the case being submitted to this panel. The notice of appeal filed with this Court named Withers as the appellant, not LPI. Thus, the City argued Withers lacked standing and was not the aggrieved party on appeal since he is not the owner of the property in dispute. After reviewing the City's motion, this Court's chief judge denied the motion on

In points one, three, and four, Withers asserts extrinsic evidence creates genuine issues of material fact with respect to Count I of his petition as it relates to the terms of the Stipulation. We will address these points together. At the heart of these points is Withers' allegation that the City officials made oral representations to him during the settlement negotiations which induced him to agree to annex his property to the City. Specifically, Withers claims the City officials promised him he would be able to develop and operate his property under the same rules and regulations he was operating under in St. Charles County in exchange for annexation. Withers alleges he was told by the City that the language contained in Paragraph 2 of the Stipulation encompassed this representation. However, these representations are not expressly written into the Stipulation. Withers argues the Stipulation lacks a fundamental assumption upon which it was written. Alternatively, Withers claims the Stipulation is either patently or latently ambiguous in light of the uncontroverted oral representations made by the City officials regarding the meaning of Paragraph 2.

Settlement agreements are governed by principles of contract law, and therefore, the rules of contract construction apply to their interpretation. *TAP Pharmaceutical Prods. Inc. v. State Bd. of Pharmacy*, 238 S.W.3d 140, 143 (Mo. banc 2007); *In re Marriage of Lueken*, 267 S.W.3d 800, 803 (Mo.App. E.D.2008). The law presumes the contract is the final memorial of the parties' agreement, and it incorporates all prior and contemporaneous agreements. *Frisella v. RVB Corp.*, 979 S.W.2d 474, 477 (Mo.App. E.D.1998). We first examine the plain language of the agreement to determine whether it clearly addresses the issue at hand. *TAP Pharmaceutical Products, supra.* If the language is clear and unambiguous, the inquiry ends. *Id.* "However, if the language is not clear, the court turns to other tools of construction in an attempt to determine the intent of the parties." *Id.* Whether a contract is ambiguous is a question of law that we determine without deference to the trial court's ruling. *Royalty v. Royalty*, 264 S.W.3d 679, 684 (Mo.App. W.D. 2008). "Parol evidence may not be used to create ambiguity in an otherwise unambiguous contract or to show that an obligation is other than that expressed in the written agreement." *Kassebaum v. Kassebaum*, 42 S.W.3d 685, 693 (Mo.App. E.D.2001).

When determining whether an ambiguity exists, the parol evidence rule does not exclude proof that an alleged contract omits a fundamental assumption upon which the agreement is made. *Finova Capital Corp. v. Ream*, 230 S.W.3d 35, 49 (Mo.App. S.D.2007). Here, Withers has presented uncontroverted evidence that a fundamental assumption upon which the Stipulation was made has been omitted. Specifically, Withers asserts the City officials promised him he would be able to develop and operate his property under the same rules and regulations he was operating under in St. Charles County in exchange for annexation. While the City does not dispute the City officials made

February 24, 2010. The City raises the identical argument again before this panel in its brief, yet failed to ask for reconsideration of the chief judge's ruling, which we are bound by. As such, we will consider Withers and LPI one and the same for purposes of appeal in that the City has not been harmed or misled and had actual notice about the issues

being raised on appeal. *See Morrow v. Fisher*, 51 S.W.3d 468, 473 n. 1 (Mo.App. S.D.2001)(finding "technical adherence to formal averments of notice of appeal is not jurisdictional and are to be liberally construed to permit appellate review if the opposing party is not misled or harmed").

this representation, the City argues the Stipulation is unambiguous on its face and the plain language of the Stipulation dictates the City's ordinances govern the agreement in contradiction to these representations.

Recognizing there is no express language in the Stipulation dictating the City's ordinances control, the City claims it is implied because of the Stipulation's specific provisions permitting Withers to utilize off-premise signage, have a resident business manager, and to erect a building within ten feet of the property line. The City argues these provisions are "exceptions" to the City's building and zoning codes in that when the property was annexed, off-premise signs were prohibited, facilities for resident managers were not allowed, and the setback from a property line on property zoned highway commercial was nine feet from the property. The City attached these ordinances to its motion for summary judgment and argued these "exceptions" would be rendered superfluous if the intent of the parties was not to have the City's codes be enforced against the property. We disagree.

■■■■■ "A latent ambiguity will be found to exist when a contract on its face appears unambiguous, but some collateral matter makes the meaning uncertain." *Muilenburg, Inc. v. Cherokee Rose Design and Build, L.L.C.,* 250 S.W.3d 848, 854 (Mo.App. S.D.2008). Latent ambiguities which are not apparent on the face of the contract must be developed by extrinsic evidence to demonstrate the real intent of the parties. *Finova Capital Corp.,* 230 S.W.3d at 49. In order to determine the intent of the parties where an ambiguity exists, we will consider "the entire contract, subsidiary agreements, the relationship of the parties, the subject matter of the contract, the facts and circumstances surrounding the execution of the contact,

the practical construction the parties themselves have placed on the contract by their acts and deeds, and other external circumstances that cast light on the intent of the parties." *Id.*

Here, the City's need to offer its ordinances as enacted at the time of the annexation in order to explain the "exceptions" included in the Stipulation demonstrates the need for extrinsic evidence to construe the Stipulation in the absence of an explicit statement regarding which ordinances are "excepted." In light of Withers' uncontroverted assertion that the City officials told him only the ordinances of St. Charles County would apply to his property if he agreed to annexation, we would have to examine both municipalities' ordinances in order to determine the issue. Such examination would not be necessary if the Stipulation was a complete, integrated agreement on its face.

■■■■ We also find the Stipulation is ambiguous and incomplete on its face in light of the omission of Exhibit B. When a written contract omits an essential term to the agreement, it is considered incomplete and extrinsic evidence may be admitted to establish the parties' intent to determine the final and complete agreement between the parties. *Bldg. Erection Serv. Co. v. Plastic Sales & Mfg. Co., Inc.,* 163 S.W.3d 472, 479 (Mo.App. W.D.2005); *Barone v. United Indus. Corp.,* 146 S.W.3d 25, 29 (Mo.App. E.D.2004). Paragraph 2 states: "After annexation by the City of [Withers'] property, [Withers] is allowed to continue development of his property as approved by St. Charles County as per plans attached hereto and marked Exhibit B." Exhibit B is not attached to the Stipulation provided in the legal file. The parties have, however, provided divergent theories about the existence and meaning of Exhibit B. The City presented the affidavit of

Paul Markworth (hereinafter, "Markworth"), the current City Administrator, who averred Exhibit B contained a site plan, setting forth proposed improvements to the property that had been approved by St. Charles County prior to the annexation. Markworth stated the City allowed Withers to complete the planned improvements to the property after annexation and the construction was completed in December 1992. Withers vehemently denies Exhibit B was included in the Stipulation, stating in his affidavit, "There is not now, and never was an Exhibit B attached to the [S]tipulation, either in the court file, or otherwise." Further, Withers denies the property was developed in accordance to the site plan furnished to St. Charles County.

While we recognize the City offered a plausible explanation as to what Exhibit B contained and that it theoretically has no bearing on Withers' claim, in light of the parties' conflicting testimony and being mindful of our standard of review, we are unable to discern from the record presented whether Exhibit B was attached to the Stipulation at the time it was executed. Moreover, we cannot speculate about whether Exhibit B would modify or explain the language in the Stipulation and what bearing this exhibit would have on the applicability of the City's ordinances to Withers' property without relying on parol evidence from either party. Thus, we find the trial court erred in granting summary judgment in favor of the City because the Stipulation omits a fundamental assumption upon which it was made, is ambiguous in that it contains a latent ambiguity with respect to which ordinances apply to the property, and the omission of Exhibit B renders it incomplete. Points one, three, and four are granted.

▮ In his second point, Withers argues the City was not entitled to judgment as a matter of law on Count I because he presented evidence that in consideration of his agreement to have his property annexed by the City, the City agreed to refrain from enforcing its zoning and building ordinances to the extent they differed from the St. Charles County ordinances. Withers claims Section 432.070 did not bar this oral agreement because the statute is inapplicable to this type of contract. The City disagrees, arguing this oral agreement had to be in writing or it was void pursuant to Section 432.070.

Section 432.070 provides in pertinent part:

> No county, city, town … or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto. . . .

▮ All contracts with a municipal corporation must be in writing. *Duckett Creek Sewer Dist. of St. Charles County v. Golden Triangle Dev. Corp.*, 32 S.W.3d 178, 182 (Mo.App. E.D.2000). These statutory provisions "are mandatory, not directory." *Gill Const., Inc. v. 18th & Vine Auth.*, 157 S.W.3d 699, 708 (Mo.App. W.D. 2004) (*quoting Pub. Water Supply Dist. No. 16 v. City of Buckner*, 44 S.W.3d 860, 864 (Mo.App. W.D.2001)). Any contract made in violation of Section 432.070 is void. *Duckett Creek Sewer Dist.*, 32 S.W.3d at 182 (*citing Vochatzer v. Pub. Water Supply Dist. No. 1 of Lafayette County*, 637 S.W.2d 418, 420 (Mo.App. W.D.1982)). Section 432.070 seeks to protect municipalities, not "parties who seek to impose obligations upon government entities." *Gill*

*Const., Inc.,* 157 S.W.3d at 708 (*quoting City of Kansas City v. Sw. Tracor, Inc.,* 71 S.W.3d 211, 215 (Mo.App. W.D.2002)). "The fact that a municipality has received the benefit of a performance by the other party does not make the municipality liable either on the theory of ratification, estoppel or implied contract." *Gill Const., Inc.,* 157 S.W.3d at 708 (*quoting Mo. Int'l Investigators, Inc. v. City of Pacific,* 545 S.W.2d 684, 685 (Mo.App.St.L.Dist.1976)).

Withers asserts Section 432.070 only applies to service contracts, relying on *Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288 (Mo. banc 2007). The Missouri Supreme Court explained, "Section 432.070 was enacted to preclude parties who have performed services for a municipality or county or other governmental entity without entering into a contract from subsequently recovering the value of those services based on an implied contract." *Investors Title Co., Inc.,* 217 S.W.3d at 294. Cognizant of this holding, we do not believe this Section's application is restricted to only service contracts when we give effect to the plain and ordinary meaning of the statute's language. *See Fast v. Marston,* 282 S.W.3d 346, 349 (Mo. banc 2009)("The primary rule of statutory construction is to ascertain the intent of the legislature by giving the language used its plain and ordinary meaning."). The plain and ordinary language of Section 432.070 applies to "*any* contract" made by a "county, city, town . . . or other municipal corporation." Section 432.070 (emphasis added). As such, Withers' reliance on *Investors Title Co., Inc.* as a means to preclude application of Section 432.070 and to uphold the oral agreement is misplaced because the statute is not confined to merely service contracts.

We also reject the City's argument that Section 432.070 bars the oral agreement between the parties. The writing at issue in Count I of the petition is the Stipulation, which complies with the mandates of Section 432.070. The Stipulation, however, is latently ambiguous, omits the fundamental assumption upon which the agreement was reached, and omits essential terms. The oral representations of the City officials are only relevant to address these ambiguities and to provide evidence of the parties' intent at the time the Stipulation was negotiated. The oral representations do not constitute a separate and distinct agreement apart from the Stipulation. Point two is denied.

Similarly, Withers' fifth and sixth points on appeal address the allegations raised in Count II of his petition and regarding the application of Section 432.070 to this claim for relief. In Count II, Withers sought a mandatory injunction ordering the City to de-annex his property. Withers averred the City officials orally promised him he could continue to operate his business under the rules and regulations of St. Charles County after annexation. However, if at any time this was not possible or agreeable to the City, Withers would be entitled to have his property de-annexed from the City. Withers acknowledges this promise is not contained within the Stipulation. We will address these points out of order for the sake of clarity.

In his sixth point, Withers alleges the trial court erred in granting summary judgment on Count II because the City is not entitled to judgment as a matter of law in that if the City officials' oral representations were not honored, then the City officials promised Withers he could de-annex the property. Making the same argument he raised in his second point, Withers claims Section 432.070 does not apply to the promise of de-annexation because it was not a services contract. In contrast, the City asserts any purported oral agreement by the City providing for de-annex-

ation is void in violation of Section 432.070. In granting Count II of the City's summary judgment motion, the trial court found Withers failed to identify any writing promising de-annexation, and therefore, any oral contract to that effect is void in violation of Section 432.070.

Here, Withers claims the City orally promised the property could be de-annexed if the fundamental assumption of the Stipulation was not honored, specifically, that Withers would be able to develop and operate his property under the ordinances of St. Charles County. Yet, Withers has not produced a writing to this effect, and it is not explicitly contained within the Stipulation. In contrast to the undisputed factual support Withers provided about the City officials' oral representations with respect to which ordinances would apply to the property after annexation, Withers has wholly failed to produce any evidence to support the allegation the City officials made him a similar oral promise regarding the de-annexation of his property. Further, Withers has not alleged the oral representations with respect to de-annexation were part of the fundamental assumption of the Stipulation, nor has he directed us to any provision within the Stipulation that could be read to include this promise. Therefore, we view this alleged promise as separate and distinct from the Stipulation and is void under Section 432.070 because it does not comply with the mandatory requirement that a contract with a municipal corporation be in writing. *Duckett Creek Sewer Dist.*, 32 S.W.3d at 178. Accordingly, the trial court did not err in granting the City's summary judgment motion on Count II because any purported oral promise or agreement made by the City providing for de-annexation is unenforceable and void under Section 432.070. Point six is denied.

Alternatively, in his fifth point, Withers argues the City was not entitled to judgment as a matter of law because if Section 432.070 bars the oral representations made by the City's officials about which ordinances would apply to the property after annexation because they were not in writing, then the Stipulation based upon those oral representations is likewise void. As such, Withers believes the parties should be restored to the status quo and the Stipulation should be nullified. We need not address this point in light of our holding Section 432.070 does not bar the oral representations of the City official about which ordinances would apply. The City officials' oral representations about which ordinances would apply after annexation were not a separate and distinct agreement outside the terms of the Stipulation, but rather, constituted extrinsic evidence regarding the parties' intent. Point five is rendered moot.

In light of our finding that the language of the Stipulation is ambiguous and because parol evidence is required to determine the parties' intent, a genuine issue of material fact exists and, therefore, summary judgment is not proper with respect to Count I. We reverse the trial court's judgment granting summary judgment in the City's favor on Count I of Withers' petition and remand for further proceedings. The trial court's judgment granting summary judgment with respect to Count II is affirmed.

KURT S. ODENWALD, P.J., and
GARY M. GAERTNER, JR., J., concur.