VICTOR C. HOWARD, JUDGE
*3 Howard County Ambulance District appeals the judgment of the trial court, following a bench trial, in favor of the City of Fayette on the Ambulance District's claim against the City for payment of a medical bill for services provided to Lance Brown while Brown was detained by a City law enforcement officer. The trial court determined that there was no written agreement between the Ambulance District and the City regarding ambulance services, as required by section 432.070.[1] In its two points on appeal, the Ambulance District argues that trial court erred in making such determination because (1) section 190.060 and Howard County Ambulance District Ordinance No. 2 provides it the power to fix, charge, and collect reasonable fees and nothing in state law limits such power and (2) an exceptional circumstance exists to relieve the contractual requirement of section 432.070. The judgment is affirmed.
Background[2]
Howard County Ambulance District is a political subdivision organized under the Chapter 190, RSMo, to provide ambulance services within Howard County. The City of Fayette is a class four municipality organized under Chapter 79, RSMo, and located in Howard County.
On October 15, 2011, Officer Matt Jones, a reserve police officer for the City of Fayette, was dispatched on a report of a prowler and came into contact Lance Brown. After a short foot pursuit, Officer Jones took Brown into custody and placed him in handcuffs. The officer discovered that Brown was seventeen years old and very intoxicated. Concerned for his health and well-being, the officer summoned the EMS.
The Ambulance District dispatched personnel to the scene including Paramedic Frank Flaspohler. Paramedic Flaspohler initially assessed Brown, who was sitting in the police car handcuffed, with an altered level of consciousness, nauseated, and vomiting. He suspected alcohol intoxication but also knew a number of other things could cause his condition. The paramedic determined that Brown required medical attention and recommended that he be transported to the hospital.
At some point, Officer Jones called Brown's mother, Janice Brown, and told her the situation. He explained that Brown needed to be transported to the hospital and asked if she consented and to which hospital she wanted him taken. Brown's mother consented and told the officer to have him taken to Boonville. She never arrived at the scene and never offered to take her son to the hospital. Officer Jones released Brown out of custody and the handcuffs, and Brown was taken in the ambulance to the hospital.
Officer Jones did not sign anything with the Ambulance District at the scene. The *4 City has agreements with various municipal type entities including a fire district, a rural water district, and a rural electric district. These agreements are in writing and approved by the Board of Alderman. The City does not have a written agreement with the Ambulance District. City police officers do not have authority to bind the City for medical care or ambulance transport.
In November 2011, the Ambulance District billed Janice Brown $1,266.01 for the cost of the transport of her son to the hospital. In April 2016, it filed a petition against her seeking payment of the bill. In September 2016, it amended its petition to assert a claim against the City for payment of the ambulance bill. Until the lawsuit, the Ambulance District had not made a demand to the City for the cost of the ambulance service for Brown.
Following a bench trial, the trial court entered judgment in favor of the City finding that there was no written agreement between the Ambulance and the City for the ambulance service as required by section 432.070. The trial court entered judgment against Janice Brown in the amount of $1,266.01. This appeal by the Ambulance District followed.
Analysis
In its two points on appeal, the Ambulance District argues that trial court erred in entering judgment in favor of the City based on the lack of a written agreement between the Ambulance District and the City regarding ambulance services, as required by section 432.070. Review of a court-tried case is governed by Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment is affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Id. ; Curry Inv. Co. , 494 S.W.3d at 24. The reviewing court views all of the evidence and the reasonable inferences therefrom in the light most favorable to the judgment and disregards all contrary evidence and inferences. Curry Inv. Co. , 494 S.W.3d at 24. Questions of law are reviewed de novo . Pearson v. Koster , 367 S.W.3d 36, 43 (Mo. banc 2012).
The Ambulance District first argues that section 190.060 and Howard County Ambulance District Ordinance No. 2 provides it the power to charge and collect its reasonable fee from the City and that nothing in state law limits such power. "A municipality derives its governmental powers from the state and exercises generally only such governmental functions as are expressly or impliedly granted it by the state." City of Dellwood v. Twyford , 912 S.W.2d 58, 59 (Mo. banc 1995) (internal quotes and citation omitted). See also Abbott Ambulance v. St. Charles Co. Ambulance Dist. , 193 S.W.3d 354, 358 (Mo. App. E.D. 2006). "A municipal ordinance must be in harmony with the general law of the state and is void if in conflict." Morrow v. City of Kansas City , 788 S.W.2d 278, 281 (Mo. banc 1990). In determining whether an ordinance conflicts with state law, the test is whether the ordinance permits that which the state prohibits and vice-versa. City of Dellwood , 912 S.W.2d at 59 ; Morrow , 788 S.W.2d at 281. "The powers granted a municipality must be exercised in a manner not contrary to the public policy of the state and any provisions in conflict with prior or subsequent state statutes must yield." Morrow , 788 S.W.2d at 281. "If a local law either prohibits what state law allows, or allows what state law prohibits, then the local law is in conflict with the state law and, therefore, preempted." Babb v. Mo. Public Serv. Comm'n , 414 S.W.3d 64, 70 (Mo. App. W.D. 2013).
The Ambulance District was organized under Chapter 190, which grants various *5 governmental powers to ambulance districts. Included in those powers is the power "[t]o fix, charge and collect reasonable fees and compensation for the use of the ambulance service according to the rules and regulations prescribed by the board from time to time." § 190.060.1(4). In January 2007, the Ambulance District enacted an ordinance governing the liability for ambulance services provided to an individual detained by law enforcement. The ordinance provides:
Whenever an individual has been detained by law enforcement for any reason, whether under arrest or not, and becomes ill or injured and an ambulance is dispatched, the entity at which the individual was detained at the time the ambulance was dispatched shall be liable for all ambulance charges incurred for medical care of the individual....Howard County Ambulance District Ordinance No. 2 shall not preclude the county or city from pursuing collection from the individual.
Howard County Ambulance District Ordinance No. 2 (Jan. 11, 2007).
Section 432.070 provides:
No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.
This state law requires that the contracts made by a city "must be in writing and duly executed as provided in the statute." Newsome v. Kansas City, Mo. Sch. Dist. , 520 S.W.3d 769, 776 (Mo. banc 2017) (internal quotes and citation omitted). "The requirements of the statute are mandatory, not directory, and a contract not so made is void." Id. (internal quotes and citation omitted).
"Section 432.070 seeks to protect municipalities, not 'parties who seek to impose obligations upon government entities.' " Withers v. City of Lake St. Louis , 318 S.W.3d 256, 263-64 (Mo. App. E.D. 2010) (quoting Gill Constr., Inc. v. 18th & Vine Auth. , 157 S.W.3d 699, 708 (Mo. App. W.D. 2004) ). It was enacted "to preclude parties who have performed services for a municipality or county or other governmental entity without entering into a contract from subsequently recovering the value of those services based upon an implied contract." Investors Title Co. v. Hammonds , 217 S.W.3d 288, 294 (Mo. banc 2007). Thus, to hold a municipality liable for payment for such services, section 432.070 requires that the contract be executed in writing before the service is performed with the consideration expressly stated on its face. Id.
The manifest purpose of [the requirement] is that the terms of the contract shall, in no essential particular, be left in doubt, or to be determined at some future time, but shall be fixed when the contract is entered into. This was one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and ill-considered engagements.
Newsome , 520 S.W.3d at 778 (internal quotes and citation omitted). That a municipality has received the benefit of performance by the other party does not make the municipality liable either on the theory of ratification, estoppel, or implied contract if the requirements of section 432.070 are not met.
*6 Burger v. City of Springfield , 323 S.W.2d 777, 782 (Mo. 1959) ; Withers , 318 S.W.3d at 264 ; Gill Constr. , 157 S.W.3d at 708.
Section 190.060 grants the Ambulance District the power to fix, charge, and collect reasonable fees for its ambulance service, and Howard County Ambulance District Ordinance No. 2 provides that a law enforcement entity shall be liable for ambulance service charges incurred for care for individuals detained by the entity. Section 432.070, however, limits these provisions. It prohibits holding a municipality liable for services performed for it without a written contract. Here, the City did not enter into a written contract with the Ambulance District that complied with section 432.070. And the ordinance itself does not constitute a writing required by section 432.070. It does not contain contract terms, including the cost of the ambulance service. See e.g. Allen v. City of Fredericktown , 591 S.W.2d 723, 725 (Mo. App. E.D. 1979) (municipal ordinance providing for reimbursement by the City to developers of water and sewer line expenses was not a contract in itself and could not under any circumstances constitute a writing demanded by section 432.070). At most, Ordinance No. 2 could lead to the preparation of a written contract between the Ambulance District and the City for ambulance services. The Ambulance District was charged with notice of section 432.070, and in order to impose an obligation on the City, it was required to enter a contract that complied with the statute. Because there was no contract between the Ambulance District and the City that complied with section 432.070, the City is not liable for the cost of transport of Brown to the hospital.
Next, the Ambulance District asserts that an exceptional circumstance exists in this case to relieve the contractual requirement of section 432.070. Specifically, it argues that because both it and the City are public agencies and the City has a constitutional duty to provide medical care reasonably needed by an individual taken into custody, the doctrine of equitable estoppel applies to negate the requirement for a written contract under section 432.070.
While equitable estoppel is not ordinarily applicable to municipal corporations in matters pertaining to governmental functions, the doctrine has been cautiously applied "in exceptional cases where upon all the circumstances of the case right and justice require it." State ex rel. City of Sikeston v. Mo. Utils. Co. , 331 Mo. 337, 53 S.W.2d 394, 400 (Mo. banc 1932). However, as this court recently discussed, "there is no reasoned authority for the proposition that doctrine of equitable estoppel can be employed to enforce a municipal contract that is void ab initio pursuant to section 432.070, even in the face of 'exceptional circumstances.' " The Lamar Co. v. City of Columbia , 512 S.W.3d 774, 795 (Mo. App. W.D. 2016). This court reasoned that such proposition is contrary to Missouri Supreme Court decisions that hold that " 'cities cannot be made liable, either on the theory of estoppel or implied contract, by reason of accepting and using of the benefits derived from void contracts.' " Id. (quoting Donovan v. Kansas City , 352 Mo. 430, 175 S.W.2d 874, 881 (Mo. banc 1943) ). See also Fleshner v. Kansas City , 348 Mo. 978, 156 S.W.2d 706, 707 (Mo. 1941) ("But as to municipalities [equitable estoppel] is applied cautiously because of the public interest involved....[I]t is a well-recognized rule that the doctrine of estoppel is not applied in cases ...where the city had no power under any circumstances to make the...contract in question."). Therefore, the rule that municipalities may be subject to equitable estoppel in exceptional cases "bows to the statutory requirements to *7 form an authorized contract described in section 432.070, and to the legal policy that void municipal contracts cannot be enforced or remediated, on any theory, including equitable estoppel." The Lamar Co. , 512 S.W.3d at 793. " '[W]here statutory and charter provisions relating to municipal contracts are not complied with, the doctrine is not applicable and the municipality is not estopped.' " Id. at 795 (quoting Kennedy v. City of St. Louis , 749 S.W.2d 427, 433-34 (Mo. App. E.D. 1988) ).
Accordingly, equitable estoppel does not relieve the contractual requirements of section 432.070 in this case. Even if the City may have received some benefit from the Ambulance District's services, the requirements of section 432.070 were not met, and the City cannot be held liable on any theory of estoppel, ratification, or implied contract. Id. See also Burger , 323 S.W.2d at 782. The trial court did not err in entering judgment in favor of the City. The points on appeal are denied.
The judgment is affirmed.
All concur.

All statutory references are to RSMo 2016 unless otherwise indicated.

On appeal from a court-tried case, the facts are viewed in the light most favorable to the judgment. Curry Inv. Co. v. Santilli , 494 S.W.3d 18, 22 n.1 (Mo. App. W.D. 2016).